JOHN M. HOLLIS, Respondent, v. WILLIAM WAGAR, Appellant.

(GENERAL TERM, THIRD DISTRICT, MARCH, 1869.)

When the entire damages, claimed to have resulted from the negligent performance of specific services, are sought to be inferred, and estimated, from proof of negligence, and of its nature and extent, in respect to a part of the services, the inference and estimate must be made by the jury.

Accordingly, a witness having testified, that he had re-dug a part of a field of potatoes, which had been dug by plaintiff on contract, and had found a certain quantity of potatoes still in it; and the dimensions of the field being given, was asked how many bushels of potatoes had, in his judgment, been left in the ground by plaintiff.—Held, that the question, assuming a test of damages, and calling for the opinion of the witness, was properly overruled.

There being some evidence of an acceptance and promise to pay, for services rendered on special contract, a request to charge the jury, that if they find that the services were not performed in a workmanlike manner, they must find for the defendant, is properly denied. The most that defendant can claim in such case is to recoup damages.

PLAINTIFF brought suit in a Justices' Court on a special contract for work, labor and services in digging a field of potatoes. The answer was a general denial, and an allegation that the potatoes were dug in an unworkmanlike manner. The justice rendered judgment for plaintiff; and the defendant appealed to the County Court. The jury in the County Court found a verdict for plaintiff; and the defendant further

appealed to this court. The facts out of which the exceptions to the rejection of testimony and refusal to charge arose, are fully stated in the opinion.

*G. Robertson, Jr.,* for the appellant.

*Francis Rising,* for the respondent.

Present—MILLER, INGALLS and HOGEBOOM, JJ.

By the Court—MILLER, P. J.   Upon the trial of this case, the defendant introduced a witness who testified that after the field of potatoes had been dug over by the plaintiff, he went into the north part of the field, dug two rows, about twelve rods, and filled a bushel basket with potatoes which the plaintiff had left in the ground.   That there were from two to three or from five to six, seven, and sometimes as many as nine potatoes left by the plaintiff in a hill.   That the longest way of the field was seventy-five or eighty rods, and that he picked up some potatoes from the field on the north side that were badly cut, and that they were frozen half through.   The defendant then offered to show by the witness the damages which he had sustained by reason of the non-fulfillment of the contract, which testimony was objected to as immaterial; the objection sustained, and an exception taken by the defendant.   The following question was then put to the witness by the defendant's counsel: "Judging from the portion of the ground you did dig over, and the number of bushels you did get by the re-digging, how many bushels of potatoes were left in the ground by the plaintiff?"   The question was objected to by the plaintiff; objection sustained, and the defendant excepted.   The witness then further stated that he had dug one hundred hills in various parts of the lot.

I think it is quite evident that the evidence offered was properly rejected.   The evidence of the witness showed the extent of the damages which he had proved; and it was by no means difficult for the jury to determine from his testimony their amount.   He testified to facts within his knowledge;

Hollis *v.* Wagar.

and it was clearly for the jury to decide from these facts, what damages his statement established. The witness had only dug over a very small portion of the field, and he was not better qualified to make a calculation as to how many potatoes were left in the ground than the jury. The offer embraced all damages which the defendant had sustained, while the witness knew only as to part. It called for his opinion upon a question of fact, which it was clearly the province of the jury to decide; and for this reason, also, was inadmissible.

At the close of the trial, and after the judge had charged the jury, the defendant's counsel asked the court to further charge the jury that if they believed from the evidence that the plaintiff agreed to assort and barrel the potatoes, and the plaintiff admitting that he did not do so, they must find for the defendant; the court refused so to charge, and the defendant excepted.

The plaintiff's testimony shows that he did barrel the potatoes, but he denies that he agreed to assort them; and I do not understand that he made an admission that he did not do both. The offer, therefore, was objectionable, because it embraced a proposition which was partially erroneous, and for that reason should have been excluded. It is also liable to objection upon other grounds. There was evidence upon the trial to show that the defendant had expressed himself satisfied; said that the work was done well, and that he had agreed to pay the balance, thus ratifying the contract as executed and carried out. Even if the plaintiff had thus agreed, and afterward modified the contract and promised to pay, the naked proposition of the charge was erroneous, unless qualified by the subsequent modification.

The request to charge the jury, that if they believed the potatoes were not dug in a workmanlike manner the plaintiff could not recover, was properly overruled. As before remarked there was testimony to show a ratification of the contract; a promise to pay after proof of knowledge; which would preclude the proposition presented, from being charged

as a full defense which would prevent a recovery. The most which could be claimed on account of a failure to perform the contract in a workmanlike manner would be a recoupment for damages on that account as the case stood.

I am not entirely satisfied that the charge made was not in substantial accordance with the requests, although not precisely in their language; but I put my opinion upon the grounds stated, which I think are a sufficient answer to the positions taken by the defendant's counsel in this respect.

The judgment below must be affirmed, with costs.